**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**v.**                                                             **No. 2:00CR143-P**

**MARCUS BURT**                                                    **DEFENDANT**

### ORDER DENYING MOTION TO COMPEL SPECIFIC PERFORMANCE, DENYING MOTION FOR DEFAULT JUDGMENT

This matter comes before the court on the defendant's January 6, 2006, motion to compel specific performance, as well as his July 31, 2006, motion for default judgment. The court has already denied a motion seeking substantially the same relief in its order of June 13, 2005. The defendant argues that the government has not used good faith because it has not moved for a reduction of the defendant's sentence under FED. R. CRIM. P. 35. The government, however, moved for a downward departure for substantial assistance *prior to sentencing*, and the defendant was granted a downward departure of twelve months.

The defendant has not rendered substantial assistance *after sentencing*; as such, the government need not file a motion under Rule 35(b) for a reduction in the defendant's sentence. *United States v. Mitchell*, 964 F.2d 454, 461-62 (5th Cir. 1992). The court can resentence the defendant only on the government's motion – and only if the defendant has rendered substantial assistance after sentencing. *United States v. Early*, 27 F.3d 140 (5th Cir. 1994). As late as March 30, 2005, the government has represented to the court that the defendant has not rendered substantial assistance after he was sentenced. As such, the instant motion to compel specific performance must be denied.

The defendant makes general reference to the following defendants – stating that he assisted the government with their successful prosecutions: Ron Mullins, Billy Adams, Paul Webb, Patricia McGurt, Lamont Dean, Eric Keller, Chris Price, and Safare Kimmons. He does not, however, enlighten the court regarding: (1) what information he gave to the government, (2) how he obtained that information, (3) and when he gave the information. Thus, the court cannot determine whether the defendant's assistance appears substantial or whether the assistance occurred *after* sentencing and could thus be considered in a motion under Rule 35(b). Given the dearth of information the defendant has provided in the instant motion, it is hereby **DENIED.** In light of this ruling, the defendant's motion for default judgment is likewise **DENIED.**

**SO ORDERED,** this the 7th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE